UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIA NOGARA,

    Plaintiff,

v.

LYNN LAW OFFICE, P.C. f/k/a LYNN
AND STEIN, P.C., and JOEL K. STEIN,

    Defendants.

_____/

Case No.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Maria Nogara ("Nogara"), by and through her attorneys, for her Complaint against Defendants Lynn Law Office, P.C. f/k/a Lynn and Stein, P.C. (the "Law Office") and Joel K. Stein ("Stein"), alleges, on knowledge as to her own actions, and otherwise upon information and belief, as follows:

## PARTIES

1. Nogara is an individual who resides in Miami, Florida, and is a citizen of Florida.

2. The Law Office is a corporation that is incorporated in Indiana and has its principal place of business in Wabash, Indiana.

3. Stein is an individual who resides in Wabash, Indiana, and is a citizen of Indiana.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of different States, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

1

**FACTS**

6. Nogara was a longtime friend of Carl R. Doran ("Doran").

7. On October 12, 2001, Doran created the Carl R. Doran Living Trust.

8. On December 9, 2014, Doran restated the trust in its entirety in a First Restatement of the Carl R. Doran Living Trust Agreement (the "First Restatement"). A true and correct copy of the First Restatement is attached hereto as **Exhibit 1**.

9. On June 20, 2017, Doran executed a First Amendment to the First Restatement. A true and correct copy of the First Amendment is attached hereto as **Exhibit 2**.

10. In this First Amendment to the First Restatement, Doran provided that "five percent (5%) of the Grantor's remaining gross estate shall be given to Grantor's friend Maria Norgara [*sic*] of Miami Beach Florida, free of trust." *Id.*, § 4.4.

11. On or around November 5, 2019, Doran retained the Defendants to draft the Second Restatement of the Carl R. Doran Living Trust Agreement (the "Second Restatement"). A true and correct copy of the Second Restatement is attached hereto as **Exhibit 3**.

12. Stein was the attorney within the Law Office who personally handled the matter of the Second Restatement.

13. As stated in the Second Restatement, Doran's intent was that "none of my children or their issue (my linear descendants) take anything from this trust." *Id.*, Art. I.

14. In this Second Restatement, Doran provided Nogara with 50% of his gross estate. *See id.*, § 2.5.

15. On or around December 30, 2019, Doran again retained the Defendants to draft the Third Restatement of the Carl R. Doran Living Trust Agreement (the "Third Restatement"). A true and correct copy of the Third Restatement is attached hereto as **Exhibit 4**.

16. Again, Stein was the attorney within the Law Office who personally handled the matter of the Third Restatement.

17. In this Third Restatement, Doran reiterated his intent that "none of my children or their issue (my linear descendants) take anything from this trust." *Id.*, Art. I.

18. Doran now provided Nogara with 100% of his gross estate. *See id.*, § 2.5.

19. Doran died on February 1, 2020.

20. On February 9, 2021, Doran's daughter, Amy Lucker ("Lucker"), filed a lawsuit against Nogara in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2021-003149-CA-01, claiming the Second and Third Restatements were invalid.

21. On November 15, 2021, Lucker filed a motion for summary judgement, arguing the Second and Third Restatements were not executed with the formalities required by Florida law.

22. On March 28, 2022, the state court entered an order granting summary judgment for Lucker (the "Order"). A true and correct copy of the Order is attached hereto as **Exhibit 5**.

23. In its Order, the state court found the Second and Third Restatements were "signed without subscribing witnesses, which is insufficient to create a valid trust under Florida law. *See* Fla. Stat. § 736.0403(2)(b) and Fla. Stat. § 732.502." *Id.*, pp. 1-2.

24. As a result of Defendants' failure to comply with statutory requirements to create a valid trust under Florida law, Nogara did not receive 100% of Doran's estate, as intended by Doran in the Third Restatement.

25. Doran's estate is worth around seven and a half million dollars ($7,500,000).

## COUNT I – LEGAL MALPRACTICE
*(Against Stein)*

26. Nogara repeats and realleges paragraphs 1 through 25, as if fully set forth herein.

27. "Under Florida law, a cause of action for legal malpractice has three elements: (1)

the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence was the proximate cause of loss to the client." *Witko v. Menotte (In re Witko)*, 374 F.3d 1040, 1043-44 (11th Cir. 2004).

28. On or around November 5, 2019, Doran retained the Law Office to draft the Second Restatement. Stein, a Law Office employee, drafted the Second Restatement.

29. Doran's intent, as expressed in the Second Restatement, was for Nogara to receive 50% of his estate. *See* **Ex. 3**, § 2.5.

30. On or around December 30, 2019, Doran retained the Law Office to draft the Third Restatement. Again, Stein drafted the Third Restatement.

31. Doran's intent, as expressed in the Third Restatement, was for Nogara to receive 100% of his estate. *See* **Ex. 4**, § 2.5.

32. Nogara was an intended third-party beneficiary of the Second Restatement and the Third Restatement. Accordingly, Stein owed duties to Nogara. *See Dingle v. Dellinger*, 134 So. 3d 484, 491 (Fla. Dist. Ct. App. 2014) ("an attorney owes a duty to a third party if the attorney was hired for the purpose of benefitting a third party").

33. Intended third-party beneficiaries of testamentary documents have standing to bring a legal malpractice action if they show the testator's intent was frustrated by the negligence of the testator's attorney. *See Ellerson v. Moriarty*, 331 So. 3d 767, 770 (Fla. Dist. Ct. App. 2021).

34. Stein failed to execute the Second Restatement and the Third Restatement with the formalities required under Florida law. In particular, Stein failed to ensure the Second Restatement and the Third Restatement were executed by two attesting witnesses. *See* **Ex. 5**.

35. Doran's intent, as expressed in the Second Restatement and the Third Restatement, was frustrated by Stein's negligence.

36. As a proximate cause of Stein's failure to ensure the Second and Third Restatements were drafted and executed in accordance with Florida law, Nogara has been damaged by the loss of her beneficial interest in Doran's estate, which is worth around seven and a half million dollars ($7,500,000).

WHEREFORE, Plaintiff Maria Nogara demands judgment against Defendant Joel K. Stein for damages, in an amount to be determined at trial, costs, interest, and any all other relief that the Court deems just and proper.

### COUNT II – VICARIOUS LIABILITY/RESPONDEAT SUPERIOR
*(Against the Law Office)*

37. Nogara repeats and realleges paragraphs 1 through 25, as if fully set forth herein.

38. On or around November 5, 2019, Doran retained the Law Office to draft the Second Restatement. Stein, a Law Office employee, drafted the Second Restatement.

39. Doran's intent, as expressed in the Second Restatement, was for Nogara to receive 50% of his estate. *See* **Ex. 3**, § 2.5.

40. On or around December 30, 2019, Doran retained the Law Office to draft the Third Restatement. Again, Stein drafted the Third Restatement.

41. Doran's intent, as expressed in the Third Restatement, was for Nogara to receive 100% of his estate. *See* **Ex. 4**, § 2.5.

42. Stein failed to execute the Second Restatement and the Third Restatement with the formalities required under Florida law. In particular, Stein failed to ensure the Second Restatement and the Third Restatement were executed by two attesting witnesses. *See* **Ex. 5**.

43. Doran's intent, as expressed in the Second Restatement and the Third Restatement, was frustrated by Stein's negligence.

44. As a proximate cause of Stein's failure to ensure the Second and Third Restatements

were drafted and executed in accordance with Florida law, Nogara has been damaged by the loss of her beneficial interest in Doran's estate, which is worth around seven and a half million dollars ($7,500,000).

45. The Law Office is liable for Stein's legal malpractice through vicarious liability or respondeat superior as Stein, at all times pertinent to this action, was acting within the scope of his employment as principal, employee, and agent of the Law Office when he committed the legal malpractice as alleged in this Complaint.

WHEREFORE, Plaintiff Maria Nogara demands judgment against Defendant Lynn Law Office, P.C. f/k/a Lynn and Stein, P.C. for damages, in an amount to be determined at trial, costs, interest, and any all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues that are so triable.

Dated: September 28, 2022

                                          Respectfully submitted,

By: */s/Eduardo A. Maura*
    Eduardo A. Maura, Esq.
    eduardo@ayalalawpa.com
    Florida Bar No. 91303
    Luis F. Quesada Machado, Esq.
    lquesada@ayalalawpa.com
    Florida Bar No. 1010305
    **Ayala Law, P.A.**
    2490 Coral Way, Ste 401
    Miami, FL 33145
    P: (305)-570-2208
    F: (305) 503-7206

*Counsel for Plaintiff Maria Nogara*