UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-23142-CIV-SINGHAL/DAMIAN

**MARIA NOGARA**,

      Plaintiff,

v.

**LYNN LAW OFFICE P.C.**, f/k/a
**LYNN AND STEIN, P.C.**, and
**JOEL K. STEIN**,

      Defendants.

_____/

REPORT AND RECOMMENDATION ON DEFENDANTS'
MOTION TO COMPEL PAYMENT OF EXPERT FEES [ECF NO. 69]

**THIS CAUSE** is before the Court on the Motion to Compel Payment of Experts Fees [ECF No. 69] ("Motion"), filed September 26, 2023, by Defendants, Lynn Law Office, P.C., f/k/a Lynn and Stein, P.C., and Joel K. Stein (collectively, "Defendants").[1]

The undersigned has considered the Motion and supporting documents attached thereto, the Response and Reply [ECF Nos. 70 and 72], and the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons discussed below, the undersigned respectfully recommends that Defendants' Motion to Compel Payment of Expert Fees be granted in part, and that the Court enter a fee award in the amount of $6,355.00 in favor of Defendants and against Plaintiff pursuant to Federal Rule of Civil Procedure 26(b)(4)(E).

---

[1] The Honorable Raag Singhal, United States District Judge, referred the Motion to the undersigned for a Report and Recommendation. [ECF No. 71].

## I. BACKGROUND

On September 28, 2022, Plaintiff, Maria Nogara ("Plaintiff"), commenced this action against Defendants alleging legal malpractice. [ECF No. 1] ("Compl."). The malpractice claims arose from an action filed in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, in which a state court judge ruled that the Second and Third Restatements of the Carl R. Doran Living Trust Agreement prepared by Defendants for Carl Doran were invalid under Florida law because they lacked subscribing witness' signatures required under Florida law (the "underlying action").[2] *Id.* at 2. Under the Third Restatement of the Trust, Plaintiff would have been the sole beneficiary of Doran's estate, worth approximately $7,500,000. *Id.* at 3. However, because the state court determined that the Third Restatement was invalid, Plaintiff was entitled to significantly less (approximately 5% of the estate). *Id.*

Plaintiff sued the attorney who prepared the Trust Restatements for Doran, as well as his law firm, claiming their work on Doran's behalf fell below the applicable standard for attorneys and caused her the loss of entitlement to the majority of the estate. *See* Compl. at 2–3. Defendants claim, generally, that they reasonably believed Doran was domiciled in Indiana at the time they prepared the Restatements such that the subscribing witness requirement, which was only a requirement under Florida law, would not have applied.

On November 21, 2023, the Court granted Defendants' Motion for Summary Judgment on grounds, generally, that Plaintiff's failure to proffer expert testimony regarding

---

[2] Plaintiff was a longtime friend of Carl Doran. *See id.* at 2. Doran's daughter, Amy Lucker, filed the underlying action against Plaintiff in February 2021, alleging the Second and Third Restatements were invalid under Florida law. *Id.* at 3.

2

Defendants' standard of care and breach entitled Defendants to summary judgment. *See* [ECF No. 81].[3] On September 26, 2023, Defendants filed the Motion now before the Court seeking to recover $22,640.00 in expert deposition fees for two (2) expert witnesses who were retained by Defendants and deposed by Plaintiff in the case. *See* Mot. at 5. The Motion is fully briefed and ripe for adjudication.

## II.     LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure governs the payment of fees for an expert's deposition who may testify at trial. *See* Fed. R. Civ. P. 26(b)(4)(E). Under Rule 26(b)(4)(E), "unless manifest injustice would result, the court must require that a party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) . . . ." Fed. R. Civ. P. 26(b)(4)(E)(i).

In evaluating the reasonableness of an expert's fee, courts consider the following factors:

> (1) [T]he witness's areas of expertise; (2) the education and training that is required to provide the expert insight sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery sought; (5) the cost of living in the particular geographic area; (6) the fee being charged by the expert retaining the party; (7) the fee traditionally charged by the expert on related matters; and (8) any other factor likely to be of assistance to the court in balancing the parties' respective interests.

*FCOA, LLC v. Foremost Title & Escrow Servs., LLC*, No. 17-23971-Civ, 2019 WL 1318361, at *1 (S.D. Fla. Mar. 20, 2019) (Torres, J.) (citation omitted). "As a general rule, the party seeking reimbursement of deposition fees bears the burden of proving reasonableness." *Id.* (citing *Mannarino v. United States*, 218 F.R.D. 372, 374 (E.D.N.Y. 2003)). However, courts have

---

[3] On December 20, 2023, Plaintiff filed her Notice of Appeal. [ECF No. 85].

3

ultimate authority to "reduce experts' fees when those fees are found to be excessive." *Id.* (citing cases in which courts reduced expert fees).

"When determining a reasonable fee, a balance is necessary between enabling a party to attract competent experts and ensuring that the inquiring party 'will not be unfairly burdened by excessive ransoms which produce windfalls for [the other party's] experts.'" *Roca Labs, Inc. v. Consumer Op. Corp.*, No. 8:14-CV-2096, 2015 WL 12844308, at *2 (M.D. Fla. July 23, 2015) (citation omitted). Where an expert "proposes to charge an unreasonable fee, however, the court may limit the amount the expert may charge." *Dobson v. Matrixx Initiatives, Inc.*, No. 05-80984-CIV, 2007 WL 842130, at *3 (S.D. Fla. Mar. 20, 2007) (Ryskamp, J.). Thus, the determination of a "'reasonable fee' lies within the Court's sound discretion." *Id.*

As relevant here, generally "hours that an expert spends on preparation and travel in connection with the expert's deposition are compensable under Rule 26(b)(4)(E)." *Nnodimele v. City of New York*, No. 13-CV-3461, 2015 WL 4461008, at *2 (E.D.N.Y. July 21, 2015). Some courts have allowed the same rate to be charged for preparation and deposition time if the expert charges the same rate for those activities. *See Packer v. SN Servicing Corp.*, 243 F.R.D. 39, 43 (D. Conn. 2007). However, an expert's preparation time can be compensated at a lower rate than the time actually spent at the deposition. *See Roca Labs*, 2015 WL 12844308, at *3 ("It is not unreasonable for an expert to charge a different rate for preparation, research, or drafting a report (which the expert can do on their own time and at their own convenience) than for time spent testifying at a deposition or at trial.").

4

### III.     DISCUSSION

#### A.  *Timeliness*

As an initial matter, Plaintiff argues that the Motion is untimely because Defendants failed to comply with the Court's Scheduling Order [ECF No. 16] governing discovery disputes. On August 2, 2023, the Court extended the discovery deadline through August 21, 2023 to permit Plaintiff to depose Defendants' expert witnesses. *See* [ECF No. 60]. As noted above, Defendants filed their Motion pursuant to Rule 26(b)(4)(E) on September 26, 2023. According to Plaintiff, Defendants waited almost a month after the August 21, 2023 discovery deadline to file their Motion making it untimely. *See* Resp. at 1 n.1.

Plaintiff appears to argue that Defendants forfeited their right to recover any expert fees because they failed to claim entitlement to such fees prior to the Court's August 21, 2023 discovery cutoff. Defendants respond that their Motion is timely because the "dispute between Plaintiff and Defendants over the payment of Defendants' expert witnesses' fees did not culminate until . . . September 18, 2023," when Plaintiff refused to pay the requested fees. Mot. at 4.

The Court's Scheduling Order specifies that, with respect to unresolved discovery disputes, "[t]he parties shall refer to the Discovery Procedures for Magistrate Judge Melissa Damian." [ECF No. 16 at 6]. In turn, the undersigned's Discovery Procedures provides that "[t]he moving party must seek relief within fifteen (15) days of the occurrence of the grounds for relief by filing a discovery motion[.]"[4] The Discovery Procedures do not require that motions related to discovery issues be filed before the Court's discovery cutoff date. Therefore,

---

[4] The undersigned's Discovery Procedures are available on the Southern District of Florida Court's website.

5

Defendants' Motion was timely filed in accordance with both the Court's Scheduling Order and the undersigned's Discovery Procedures.

Nor does Rule 26 require that the party seeking expert discovery fees file the motion during discovery. *See* Fed. R. Civ. P. 26(b)(4)(E)(i) *id.*; *see also De Fernandez v. Seaboard Marine, Ltd.*, No. 20-25176-CIV, 2023 WL 2692418, at *2 (S.D. Fla. Mar. 13, 2023) (Otazo-Reyes, J.), *report and recommendation adopted* 2023 WL 2682307 (S.D. Fla. Mar. 29, 2023) (Bloom, J.) (citing *Se-Kure Controls, Inc. v. Vanguard Prod. Grp., Inc.*, 873 F. Supp. 2d 939, 953 (N.D. Ill., 2012) (courts have "allowed a losing party to recover expert witness fees post-judgment pursuant to Rule 26(b)(4)(E)")).

Accordingly, the undersigned finds no merit in Plaintiff's timeliness argument and proceeds to address Defendants' entitlement to recover fees incurred in connection with the depositions of its experts.

### B. *Manifest Injustice*

Although not raised by Plaintiff, the undersigned briefly addresses the "manifest injustice" threshold provided in Rule 26. Rule 26(b)(4)(E) provides that, "[u]nless manifest injustice would result, the court ***must*** require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery . . . ." Fed. R. Civ. P. 26(b)(4)(E) (emphasis added). Thus, based on the plain language of the Rule, absent a finding of manifest injustice, payment of reasonable expert fees for time spent on discovery matters is mandatory.

Courts consistently find that "[t]he manifest injustice standard is a stringent one," wherein the court "must find that the party is either indigent or that requiring him [or her] to pay [for expert deposition fees] would create an undue hardship." *De Fernandez*, 2023 WL

6

2692418, at *2 (quoting *Morales-Arcadio v. Shannon Produce Farm, Inc.*, No. CV605-062, 2007 WL 9709805, at *1 (S.D. Ga. Nov. 14, 2007) (quotation marks and citation omitted)).

Here, Plaintiff does not contend that she is indigent or that paying Defendants' expert witness fees would create an undue financial hardship. Absent such a showing, the Court finds that Defendants are entitled to recover fees incurred in connection with the depositions of its experts. The next question, then, is whether the fees requested are reasonable.

### C. *Reasonableness of Fees*

Plaintiff asserts two challenges regarding the reasonableness of the expert fees requested by Defendants: (1) whether the hourly rates charged by the experts are reasonable; and (2) whether the amounts of time charged for preparation for the depositions are reasonable. *See generally* Resp.

Plaintiff deposed two of Defendants' experts: Robert Burlington, Esq., and Kevin Alerding, Esq., both of whom are attorneys. *See* Mot. at 4–5. Defendants request a total of $22,640.00 in fees incurred for the depositions and preparation time of for these experts. In support of this request, Defendants attached invoices from the experts to their Motion. [ECF Nos. 69-3 and 69-4]. Mr. Burlington's invoice indicates he spent 1.3 hours being deposed and 22.9 hours preparing for his deposition, all at a rate of $800.00 per hour for a total of $19,560.00 billed. [ECF No. 69-3]. Mr. Alerding's invoice indicates he spent .8 hours being deposed and 6.9 hours preparing for his deposition, all at a rate of $400.00 per hour for a total of $3,080.00. [ECF No. 69-4].

Plaintiff contends the hourly rates and the numbers of hours billed are unreasonable as to both experts. The undersigned addresses the reasonableness of the requested fees associated with each expert below.

1.  **Robert Burlington, Esq.**

Defendants retained Mr. Burlington, a Florida attorney, to provide expert testimony regarding whether Plaintiff's former counsel, Alexander Turner, met the standard of care in his defense of Plaintiff in the underlying action. *See* [ECF No. 59-5]. Mr. Burlington has been a practicing attorney in Florida for the past 45 years and is currently a named partner with the law firm Coffey Burlington LLP in South Florida. *See* [ECF No. 61-12]. According to Defendants, Mr. Burlington's expert opinion was necessary to support Defendants' second affirmative defense of comparative negligence in the instant action. *See* Mot. at 5. Defendants assert that Mr. Burlington had to review several documents to prepare for his deposition, including the dockets of three different cases, pleadings, court filings, and deposition transcripts and exhibits, which amounted to approximately 1,200 documents. *Id.* Mr. Burlington charged an hourly rate of $800.00 both for deposition preparation time and the deposition itself. [ECF No. 69-3].

Therefore, Defendants seek to recover fees totaling $19,560.00 for 1.3 hours of deposition time and 22.9 hours of preparation time at an hourly rate of $800.00, and .8 hours for Mr. Burlington's support staff's technical assistance in preparing for his deposition at a rate of $250.00. *See id*.

a.  *Mr. Burlington's Hourly Rates*

Plaintiff argues that the requested hourly rate of $800.00 for Mr. Burlington is not reasonable and that Defendants failed to carry their burden of proving that the rate is

8

reasonable.[5] Resp. at 4. Plaintiff asserts that a $400.00 hourly rate is reasonable for Mr. Burlington and agrees to pay $520.00 for his deposition time only. *Id.*

Although it is Defendants' burden to demonstrate the reasonableness of the rates, Defendants provide no support for the rate requested for Mr. Burlington. Defendants offered no sworn testimony or other documents, such as declarations or exhibits, and Defendants fail to cite cases that support their position that the requested $800.00 hourly rate for Mr. Burlington is the rate traditionally charged by experts on similar matters.[6] Based on this Court's own experience and knowledge of the matter,[7] the undersigned finds that the hourly rate charged for Mr. Burlington's expert services in this matter should be reduced and that a rate of $500.00 per hour is reasonable for Mr. Burlington's expertise in this matter in this District. *See FCOA*, 2019 WL 1318361, at *1 ("Courts have authority to reduce experts' fees when those fees are found to be excessive."); *Dobson*, 2007 WL 842130, at *3 (determination of a "'reasonable fee' lies within the Court's sound discretion"); *De Fernandez*, 2023 WL

---

[5] Plaintiff also points out that in their initial expert disclosures, Defendants indicated that Mr. Burlington's hourly rate was $600.00. Defendants indicate that was an error and that Mr. Burlington's hourly rate is $800.00 per hour.

[6] In their Reply, Defendants cite to *Social Life Network, Inc. v. Peak One Opportunity Fund, L.P.*, No. 21-cv-21373, 2023 WL 5036606, at *4–6 (S.D. Fla. Aug. 8, 2023) (Gayles, J.), to support the reasonableness of the requested $800.00 hourly rate for Mr. Burlington in this matter. However, in that case, the court reduced a partner's hourly rate from $950.00 to $700.00 for his work on the merits of the case itself, which involved securities and RICO litigation. *Id.*

[7] The Court may rely on its own knowledge and experience in determining the reasonableness of fees. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court . . . is itself an expert on the question [of reasonable hourly rates and hours expended] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940))).

2692418, at *3 (reducing an experienced attorney's expert hourly rate from $650.00 to $500.00).

Plaintiff does not challenge the request for fees for the 1.3 hours Mr. Burlington spent in his deposition. Therefore, Defendants are entitled to recover $650.00 for 1.3 hours of deposition time for Mr. Burlington at an hourly rate of $500.00. Plaintiff does challenge Defendants' request for payment for time spent by Mr. Burlington in preparation for his deposition.

### b. *Time Spent Preparing For Deposition*

Defendants seek to recover fees for 22.9 hours of preparation time for Mr. Burlington at the hourly rate of $800.00, and .8 hours for Mr. Burlington's support staff's technical assistance in preparing for his deposition at a rate of $250.00 per hour. Mot. at 5.

Plaintiff argues that the requested fees for Mr. Burlington's preparation time are excessive and unreasonable on grounds this matter is not complex nor was there a considerable lapse of time between Mr. Burlington's preparation of his expert report and his deposition. *Id.* at 4–5. Plaintiff also argues the Court should find the 23.7 hours of preparation time not compensable because Defendants failed to provide detailed time records for Mr. Burlington's preparation time. *Id.* at 5–6. Plaintiff proposes that a flat rate of "1.5 times the deposition time is a reasonable multiplier for preparation where the expert deposition was held shortly after the preparation of the expert report," and, therefore, Mr. Burlington is entitled to, at most, $780.00 for his preparation time at an hourly rate of $400.00 (*i.e.*, 1.3 hours x 1.5 x $400.00).

"An expert is entitled to compensation for time he [or she] spent in preparation for a deposition." *Morales-Arcadio*, 2007 WL 9709805, at *3. Here, the undersigned agrees with

10

Defendants that Plaintiff is also required to pay for a reasonable amount of time spent by Mr. Burlington preparing for his deposition. *See De Fernandez*, 2023 WL 2692418, at *2. However, again, Defendants have not provided information necessary for the court to evaluate whether the hours sought for deposition preparation are reasonable. *See FCOA*, 2019 WL 1318361, at *1 ("[T]he party seeking reimbursement of deposition fees bears the burden of proving reasonableness."). Mr. Burlington's invoice does not sufficiently detail the time he spent on each task in preparation for his deposition in this matter. Indeed, Mr. Burlington's time entries include "block billing," which is the disfavored practice of including multiple distinct tasks within the same time entry without specifying the amount of time spent on each task. [ECF No. 69-3]. *See Dial HD, Inc. v. ClearOne Commc'ns, Inc.*, 536 F. App'x 927, 931 (11th Cir. 2013).

The instances of block billing in Mr. Burlington's time records and the absence of additional information regarding how his time was spent in preparation for his deposition makes it difficult for the undersigned to ascertain how much time was spent on each task.[8] Accordingly, an across-the-board reduction is warranted. *See, e.g.*, *Bujanowski v. Kocontes*, No. 8:08-CV-0390-T-33EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009) ("The court has broad discretion in determining the extent to which a reduction in fees is warranted by block billing."); *Gundlach v. Nat'l Ass'n for Advancement of Colored People, Inc.*, No. 303CV1003J32MCR, 2005 WL 2012738, at *4 (M.D. Fla. Aug. 16, 2005) (assessing an across-the-board reduction due to block billing); *see also SP Tech., LLC v. Garmin Int'l, Inc.*, No. 08 CV 3248, 2014 WL 300987, at *8 (N.D. Ill. Jan. 10., 2014) (fees may be denied "[i]n the

---

[8] For example, Mr. Burlington's invoice indicates he billed 8.00 hours for "Continued review of materials in Stein binder from Boyd's office in preparation for upcoming expert witness deposition. Call with M. Nielson and Jim Parker." [ECF No. 69-3]. This time entry does not include an itemization or description of the review that Mr. Burlington performed in preparation for his deposition.

11

absence of a sufficiently detailed explanation of the appropriateness of the time spent on deposition preparation").

While Mr. Burlington's time entries are lacking in detail, Plaintiff does not dispute Defendants' assertion that the reviewed materials were voluminous. However, Plaintiff does raise a valid point in that it is difficult to determine whether or why so much time was needed to prepare for the deposition when the expert had prepared his report and, presumably, reviewed all of the same materials only weeks earlier. Under the circumstances, the undersigned concludes that Mr. Burlington's deposition preparation time should be reduced from 22.9 hours to 8 hours. *See Packer*, 243 F.R.D. at 43; *see also Nnodimele*, 2015 WL 4461008 at *5–6 (limiting awarded deposition preparation time hours because they were excessive given the expert's experience, his prior experience testifying, and the case's lack of complexity).

The undersigned finds that the same hourly rate of $500.00 may apply for Mr. Burlington's preparation time as for his deposition time. Accordingly, Defendants are entitled to recover $4,000.00 for 8 hours of deposition preparation time for Mr. Burlington at an hourly rate of $500.00.

In sum, the undersigned finds that Defendants are entitled to recover for Mr. Burlington 1.3 hours of deposition time and 8 hours of preparation time at an hourly rate of $500.00, and .8 hours for his support staff's technical assistance at an hourly rate of $250.00, for a total expert deposition fee of $4,850.00.

### 2. Kevin Alerding, Esq.

Defendants seek to recover fees for .8 hours of deposition time and 6.9 hours of preparation time for Mr. Alerding at an hourly rate of $400.00, for a total of $3,080.00. Mot.

at 6. Defendants retained Mr. Alerding, an Indiana attorney, to provide expert testimony regarding Defendant Stein's standard of care in preparing the Second and Third Restatements at issue in order to present a proper defense against Plaintiff's legal malpractice claim in the instant action. *Id.*

Mr. Alerding is an attorney licensed to practice law in Indiana since 1995. Mot. at 5–6; *see also* [ECF No. 61-14]. He has more than 25 years of experience in estate planning, including representing clients and drafting estate planning documents and is currently of-counsel at the law firm of Lewis Wagner LLP in Indianapolis, Indiana. *Id.* According to Defendants, Mr. Alerding reviewed 910 pages of documents as well as applicable Indiana law in preparation for his deposition. *Id.* at 6.

Plaintiff argues that Mr. Aldering's hourly rate is excessive and that he should not be compensated for deposition preparation time. Resp. at 6.

### a. *Mr. Alerding's Hourly Rates*

Plaintiff argues that Defendants fail to carry their burden of proving the requested hourly rate of $400.00 is reasonable for Mr. Alerding's work in this matter. Resp. at 6. Instead, Plaintiff claims that a $200.00 hourly rate is reasonable since Mr. Alerding does not normally serve as an expert witness. *Id.* Plaintiff agrees to pay a total of $160.00 for Mr. Alerding's deposition time only. *Id.*

As with Mr. Burlington, Defendants also fail to offer anything to justify the hourly rate requested for Mr. Alerding. Based on this Court's experience, knowledge, and observations, and a review of prior awards, the undersigned finds that $350.00 is a reasonable hourly rate for the work provided by Mr. Alerding in this matter. *See, e.g.*, *Fair Housing Ctr. of Cent. Ind., Inc. v. Welton*, No. 18-cv-1098-JMS-DLP, 2020 WL 2218950, at *6–7 (S.D. Ind. May 7, 2020)

(reducing hourly rate of $400 to $350 for attorney practicing law for 25 years in Indianapolis, Indiana).

Plaintiff does not challenge the request for payment for .8 hours of deposition time for Mr. Alerding. Therefore, Defendants are entitled to recover $280.00 for .8 hours of deposition time for Mr. Alerding at an hourly rate of $350.00. Plaintiff does challenge the request for payment for time spent by Mr. Alerding in preparation for his deposition.

### b. *Time Spent Preparing For Deposition*

As for preparation time, Plaintiff argues that Mr. Alerding's 6.9 hours of preparation time are not compensable and that the Court should limit recovery to the time spent at the deposition because this matter was not complex and there was not a considerable lapse of time between preparation of Mr. Alerding's expert report and his deposition. *Id.* at 7. Alternatively, Plaintiff argues Mr. Alerding should be entitled to no more than $200.00 for his preparation time. *Id.*

Defendants offer nothing in support of the request for Mr. Alerding's preparation time. As discussed above with respect to Mr. Burlington's preparation time, the undersigned finds that Mr. Alerding's entries do not sufficiently detail the time he spent on each task in preparation for his deposition in this matter. *See* [ECF No. 69-4]. Mr. Alerding's time entries also include instances of block billing. Therefore, the undersigned finds that Mr. Alerding's preparation time should be reduced from 6.9 hours to 3.5 hours.

In sum, Defendants are entitled to recover for Mr. Alerding .8 hours of deposition time and 3.5 hours of preparation time, at an hourly rate of $350.00, for a total expert deposition fee of $1,505.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Defendants' Motion to Compel Payment of Expert Fees [ECF No. 69] be **GRANTED IN PART**, and that Defendants be awarded $6,355.00 in expert deposition fees against Plaintiff pursuant to Federal Rule of Civil Procedure 26(b)(4)(E).

The parties will have **fourteen (14) days** from receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Raag Singhal, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 21st day of February, 2024.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Raag Singhal, *U.S. District Judge*
Counsel of Record